**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| ESTELITA DE ARAGON, | ) | No. CV 06-882 (CW) |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for payment of benefits.

### I. BACKGROUND

Plaintiff Estelita De Aragon was born on September 3, 1947, and was fifty-seven years old at the time of her administrative hearing. [Administrative Record, "AR," 61, 227.]  She has a college education and past relevant work experience as a file clerk and medical records

analyst. [AR 24-25, 82, 254-55.] Plaintiff alleges disability owing to bilateral carpal tunnel syndrome, a hiatal hernia, bilateral thumb carpometacarpal osteoarthritis, hypertension and right epicondylitis. [AR 19.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on February 15, 2006. On August 30, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR"). On June 6, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on April 16, 2004, alleging disability since October 23, 2003. [JS 2, AR 63.] An administrative hearing was held on May 2, 2005, before Administrative Law Judge ("ALJ") Richard Urbin. [AR 224.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Elizabeth Ramos-Brown. [Id.] The ALJ denied benefits in a decision dated June 15, 2005. [AR 17-26.] When the Appeals Council denied review on August 18, 2005, the ALJ's decision became the Commissioner's final decision. [AR 10.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not

1 supported by substantial evidence in the record, the court may reject
2 the finding and set aside the decision to deny benefits.  See Aukland
3 v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4 Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9 "Substantial evidence is more than a scintilla, but less than a
10 preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence
11 which a reasonable person might accept as adequate to support a
12 conclusion."  Id.  To determine whether substantial evidence supports
13 a finding, a court must review the administrative record as a whole,
14 "weighing both the evidence that supports and the evidence that
15 detracts from the Commissioner's conclusion."  Id.  "If the evidence
16 can reasonably support either affirming or reversing," the reviewing
17 court "may not substitute its judgment" for that of the Commissioner.
18 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

19 **V.   DISCUSSION**

20 **A.   THE FIVE-STEP EVALUATION**

21 To be eligible for disability benefits a claimant must
22 demonstrate a medically determinable impairment which prevents the
23 claimant from engaging in substantial gainful activity and which is
24 expected to result in death or to last for a continuous period of at
25 least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
26 721; 42 U.S.C. § 423(d)(1)(A).

27 Disability claims are evaluated using a five-step test:
28 Step one: Is the claimant engaging in substantial

```
        gainful activity?  If so, the claimant is found not
        disabled.  If not, proceed to step two.
             Step two: Does the claimant have a "severe" impairment?
        If so, proceed to step three.  If not, then a finding of not
        disabled is appropriate.
             Step three: Does the claimant's impairment or
        combination of impairments meet or equal an impairment
        listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
        so, the claimant is automatically determined disabled.  If
        not, proceed to step four.
             Step four: Is the claimant capable of performing his
        past work?  If so, the claimant is not disabled.  If not,
        proceed to step five.
             Step five: Does the claimant have the residual
        functional capacity to perform any other work?  If so, the
        claimant is not disabled.  If not, the claimant is disabled.
```

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had impairments that were "severe" in combination but not individually, namely, gastritis, a hiatal hernia, bilateral carpal tunnel syndrome, bilateral thumb carpometacarpal osteoarthritis, hypertension, and right epicondylitis (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 18-19.]  Plaintiff was found to have an RFC for a range of light work, including the capacity to lift twenty pounds occasionally and ten pounds frequently, stand and/or walk for six out of eight hours, sit for six hours in an eight-hour workday, and handle and finger frequently. [AR 21.]  The ALJ accepted the opinion of the vocational expert, who testified that a person with such a capacity could perform plaintiff's past relevant work as it is generally, but not actually, performed in the national economy (step four). [AR 25.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C.   ISSUE IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issue:

Whether the ALJ properly evaluated the opinion of plaintiff's

---

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

treating physician.

[JS 3.]

### D. THE TREATING MEDICAL EVIDENCE

In January 2001, after working for more than ten years as a medical records analyst, plaintiff began complaining of numbness in her hands, particularly the left. [AR 194.] Plaintiff received a diagnosis of arthritis and bilateral carpal tunnel syndrome. [Id.] In April 2002, she underwent a left thumb carpometacarpal joint fusion and a left endoscopic carpal tunnel release, performed by Dr. Brent Miller. [AR 188.] Plaintiff returned to work in July 2002, for four hours per day; in August 2002, she resumed an eight-hour workday. [AR 195.] In December 2002, plaintiff complained of recurring pain in both hands; Dr. Miller increased her work restrictions to limit continuous keying or use of the hands to fifty minutes, followed by ten minutes of non-use, and a lifting restriction of ten pounds. [AR 188-89.] In May 2003, Dr. Miller further restricted plaintiff to six-hour workdays, limited to medical chart analysis, with no chart assembly. [AR 192, 195.] As of September 2003, plaintiff continued to complain of bilateral hand pain. [AR 190.] Plaintiff was further restricted to no strenuous gripping or grasping with either hand. [AR 190.] As of October 2003, plaintiff's employer could no longer accommodate her restrictions. [Id.] Plaintiff filed the instant Title II application six months later.

In his decision denying benefits, the ALJ found that plaintiff had an RFC for a range of light work, including her past relevant work as a medical secretary, as it is generally performed in the national economy. [AR 25.] The RFC finding included a capacity for "frequent" handling and fingering. [AR 21.] The Commissioner has quantified a

"frequent" activity as occurring from one-third to two-thirds of a workday.  See, e.g., SSR 83-10, 1983 WL 31251 at *6; SSR 83-14, 1983 WL 31254 at *2.  The ALJ found that such a capacity was not inconsistent with Dr. Miller's restriction that plaintiff take ten minutes breaks after each fifty minutes of using her hands because "[f]ifty out of sixty minutes is more than two-thirds of the time, and 'frequently' is defined as from one-third to two-thirds of a work day." [AR 22.]  Plaintiff contends that this finding is erroneous in light of the vocational evidence and the distinction between "frequent" handling as it is defined by the Commissioner and the consequences of Dr. Miller's restriction. [JS 5.]  Plaintiff's argument is well-taken.

The vocational expert ("VE") testified that a person who, among other things, can "frequently" handle and finger objects could return to plaintiff's past relevant work. [AR 256.]  On the other hand, the VE testified that a person who required ten minutes breaks every hour after fifty minutes of using her hands could not return to plaintiff's past relevant work and would have no transferable skills for other work. [AR 255.]  Thus, the VE made a distinction between "frequent" handling and Dr. Miller's recommendation of a ten minute break each hour; the former is silent on the continuousness of the hand use, and could require a person to use her hands for as much as two-thirds of the day before receiving a break.  The ALJ did not acknowledge the VE's distinction and found instead, without citing any supporting evidence, that a person with either limitation could perform plaintiff's past relevant work.  This was erroneous.  See Pinto v. Massanari, 249 F.3d 840, 846-48 (9th Cir. 2001)(finding that the ALJ erroneously relied on the vocational expert's testimony to find

7

plaintiff could perform her past relevant work as it was generally performed, but neither that testimony nor other evidence in the record established that plaintiff could meet all the requirements of that job); Winfrey v. Chater, 92 F.3d 1017, 1025-26 (10th Cir. 1996)(reversing where the vocational expert's testimony did not support the ALJ's conclusion that plaintiff could perform his past relevant work as it was generally performed in the absence of other substantial evidence to support that finding).  Accordingly, reversal is required.

### D. REMAND FOR PAYMENT OF BENEFITS

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 1179.  However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. (decision whether to remand for further proceedings turns upon their likely utility).

Here, the ALJ credited the opinion of Dr. Miller as to plaintiff's limitation in the use of her hands, finding it consistent with the other medical record evidence. [AR 22.]  The VE testified that such a limitation would preclude plaintiff from returning to her former job and, moreover, plaintiff would have no transferable skills. [AR 256.]  Taken together, the treating medical and vocational evidence establishes, at step four of the sequential evaluation, that

plaintiff can no longer perform her past relevant work.  Accordingly, at step five, application of Rule 202.06 of the Medical Vocational Guidelines ("Grids"), based on plaintiff's age, education, and lack of transferable skills directs a finding of disability.  Accordingly, no useful purpose would be served by further proceedings, and an order directing an immediate award of benefits is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant for payment of benefits.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 11, 2007

_____/s/_____
CARLA M. WOEHRLE
United States Magistrate Judge