1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10                                 WESTERN DIVISION

11

12   ESTELITA DE ARAGON,              )
                                      )        Case No. CV 06-882 CW
13              Plaintiff,            )
                                      )
14              v.                    )
                                      )
15   MICHAEL J. ASTRUE,               )        ORDER GRANTING PETITION
     Commissioner of the             )        FOR ATTORNEYS' FEES
16   Social Security                  )        42 U.S.C. § 406(b)
     Administration,                  )
17                                    )
                Defendant.           )
18   _____)

19

20        Plaintiff's counsel, Young Cho, has filed a Petition for

21   Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) ("Pet.") seeking an

22   order for payment of fees in the amount of eleven thousand dollars

23   ($11,000) for legal services provided in representing plaintiff before

24   this district court.  Counsel seeks compensation pursuant to a

25   contingent fee agreement and requests that the amount of fees sought

26   by this petition be paid from the portion of plaintiff's past-due

27   benefits award withheld by defendant for the payment of attorneys'

28   fees.  Defendant has filed a response that takes no position as to the

                                        1

1  reasonableness of the fees requested but sets out factors for a

2  reasonableness analysis.  For the reasons stated below, the petition

3  is granted.

### Proceedings

5  On February 15, 2006, plaintiff filed a complaint for judicial

6  review of defendant's decision denying her application for disability

7  insurance benefits pursuant to Title II of the Social Security Act.

8  After the parties filed a Joint Stipulation identifying the issues in

9  dispute, the court issued a decision and order on June 11, 2007,

10 reversing the Commissioner's decision and remanding the action for

11 payment of benefits.  On remand, plaintiff was awarded disability

12 benefits, including past due benefits, in the approximate amount of

13 $44,100 [Pet. 3].  Twenty-five percent of that sum, the amount of

14 $11,049.50, was withheld for the purpose of payment of attorneys'

15 fees. [Pet. Exh. 3.]  Plaintiff seeks a fee award of $11,000. [Pet.

16 3.]  Plaintiff's counsel has already been awarded attorneys' fees of

17 $3,900 under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. §

18 2412(d). [Id.]  The EAJA award offsets any attorneys' fee award

19 payable from plaintiff's past-due benefits, up to the full amount of

20 the EAJA award.[1]  Accordingly, plaintiff's counsel seeks an award of

21 $11,000 with an order that plaintiff's counsel reimburse plaintiff in

22 the amount of $3,900. [Id.]

---

[1]  If attorneys' fees are awarded under the EAJA and section
406(b), the attorney must refund the smaller of the two awards to the
claimant.  See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct.
1817, 152 L.Ed.2d 996 (2002)(noting that "Congress harmonized fees
payable by the Government under EAJA with fees payable under § 406(b)
out of the claimant's past-due Social Security benefits" by requiring
the claimant's attorney to refund to the claimant the amount of the
smaller fee up to the point where the claimant receives 100% of the
past-due benefits).

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court
> by an attorney, the court may determine and allow as part of
> its judgment a reasonable fee for such representation, not
> in excess of 25 percent of the total of the past-due
> benefits to which the claimant is entitled by reason of such
> judgment, and the Commissioner of Social Security may . . .
> certify the amount of such fee for payment to such attorney
> out of, and not in addition to, the amount of such past-due
> benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's

[attorney's] fees are payable only out of the benefits recovered; in

amount, such fees may not exceed 25 percent of past-due benefits."

Gisbrecht v. Barnhart, 535 U.S. at 792.  In Gisbrecht, the Supreme

Court explained that where the plaintiff has entered into a contingent

fee agreement with counsel, section 406(b) is meant "to control, not

to displace, fee agreements between Social Security benefits claimants

and their counsel." Gisbrecht, 535 U.S. at 793.  The Court held that

where the claimant and counsel had entered into a lawful contingent

fee agreement, courts that used the "lodestar" method as the starting

point to determine the reasonableness of fees requested under section

406(b) improperly "reject[ed] the primacy of lawful attorney-client

fee agreements." Gisbrecht, 535 U.S. at 793.[2]  While courts review

---

[2]  Under the "lodestar" method, attorneys' fees are calculated by
multiplying the number of hours reasonably expended in representing a
client by a reasonable hourly fee.  See Gisbrecht, 535 U.S. at 797
(discussing application of the "lodestar" method in the Ninth
Circuit).  The "lodestar" may be adjusted upward or downward to
account for a variety of factors.  See Gisbrecht, 535 U.S. at 798
(citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th
Cir. 1975).  Courts in this and other circuits look to the following
factors to determine whether the lodestar should be adjusted: (1) the
time and labor required; (2) the novelty and difficulty of the

(continued...)

3

fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "the primary means by which fees are set" for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807 (emphasis added).

Here, plaintiff retained counsel to represent her in federal court in her social security disability case, and plaintiff agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due benefits award obtained. [Pet., Exh. 1.] The instant petition seeks a total fee of slightly less than that amount. Because the parties' contingent fee agreement thus falls within the 25% boundary set by § 406(b), the court appropriately examines counsel's instant petition to assure that enforcement of the agreement is not unreasonable, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. In testing for reasonableness of the fee request, the court may consider factors such as the character of the representation, the results achieved, the relationship between the amount of any benefits award and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 808.

---

(...continued)
questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;  and (12) awards in similar cases. Allen v. Shalala, 48 F.3d 456, 458 n.3 (9th Cir. 1995)(citing Kerr, 526 F.2d at 70), disapproved by Gisbrecht, 535 U.S at 797-99.

1    Consideration of these factors supports approval of the instant

2  fee petition.  The character of counsel's representation before the

3  court was of high quality and efficiency, and counsel obtained a

4  favorable result for his client in the form of a remand for payment of

5  benefits.  The nature of the work performed and the time expended on

6  this matter before the district court (21.1 attorney hours and 4.2

7  paralegal hours) are within the norm for social security disability

8  cases. [Pet., 13].  See Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 &

9  n. 2 (C.D. Cal. 2000) (collecting cases approving up to 54.5 hours of

10 compensable attorney services for individual cases).  There is no

11 suggestion of undue delay by counsel in litigating plaintiff's claim.

12    The reasonableness of the requested fee is also appropriately

13 checked with reference to a lodestar figure.  See Gisbrecht, 585 U.S.

14 at 808 (noting that record of hours spent and hourly billing charges

15 for noncontingent-fee cases may aid in the court's assessment of

16 reasonableness of the fee requests).  Counsel suggests that base

17 hourly billing rates of $250 for attorney services and $120 for

18 paralegal services represent reasonable noncontingent hourly rates in

19 light of published surveys regarding law firm practice.[3] [Pet. 11.]

20 Counsel further suggests that the hourly rate should be adjusted to

21 reflect a forty-one percent increase in the cost of legal services,

22 resulting in hourly rates of $352.50 for attorney time and $169.20 for

23 paralegal time. [Pet. 12.]  The court finds these rates appropriate

24 for purposes of a comparative fee calculation, which produces a

25

26

27    [3]  The base attorney rates which counsel references are derived
from the ninth decile billing rate figures for southern California

28 firms as shown in The 2000 Small Law Firm Economic Survey (Altman Weil
Publications, Inc.). [Pet., Exh. 5].

5

1   lodestar of $8,148.39.[4]   In comparison, the total fee of $11,000

2   requested by counsel for work performed in the district court under

3   the contingency agreement is approximately 1.35 times this lodestar

4   figure and represents an effective hourly rate of $434.78 for attorney

5   time.   Counsel asserts that the requested fee is reasonable in

6   relation to the lodestar because of the contingent nature of the case

7   and similar awards in other cases. [Pet. 15-23].

8        The court agrees that the requested fee in this case is not

9   unreasonable when checked with reference to the lodestar calculation.

10   In the absence of any evidence of misconduct or incompetence by

11   counsel, or the suggestion of an inappropriate "windfall" for counsel,

12   post-Gisbrecht decisions have approved contingent fee payments

13   yielding hourly rates higher than those sought here.   See Hearn v.

14   Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)("Since Gisbrecht

15   was handed down by the Supreme Court, the district courts generally

16   have been deferential to the terms of contingency fee contracts

17   in § 406(b) cases, accepting that the resulting de facto hourly rates

18   may exceed those for non contingency-fee arrangements."); see also

19   Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va.

20   2003)(approving fee amounting to $1,433.12 per hour, which was less

21   than agreed 25% contingency fee and properly accounted for agreement

22   of parties and value of representation); Brown v. Barnhart, 270

23   F.Supp.2d 769, 772-73 (W.D.Va. 2003)(holding that contingent fee

24   equating to $1407/hr. would be "windfall" but award amounting to

25   $977/hr. was reasonable); Dodson v. Com'rs of Social Security, 2002 WL

26

27        [4]   The lodestar calculation is: [21.1 (attorney hours) x $352.50
28   (non-contingent hourly rate)] + [4.2 (paralegal hours) x $169.20 (non-
     contingent hourly rate] = $7,437.75 + $710.64 = $8,148.39.

31927589, at *2  (W.D.Va. 2002) (rejecting the Commissioner's argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for the nature of a contingent-fee agreement"); <u>Hussar-Nelson v. Barnhart</u>, 2002 WL 31664488, at *3 (N.D. Ill. 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-<u>Gisbrecht</u> cases awarding contingent fees that translated into hourly rates ranging from $380 to $605).

Nothing in the record before the court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this court.  Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the petition here seeks no more than the agreed fee.  Based on existing authority, the fee requested is not so inordinately large that it represents a windfall to counsel.  <u>Cf</u>. <u>Ellick v. Barnhart</u>, 445 F.Supp.2d 1166, 1172-73 (C.D. Cal. 2006) (finding effective hourly rate of $933.39 "unreasonable," but approving 2.5 multiplier to attorney's regular billing rate); <u>Ogle v. Barnhart</u>, 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003)(finding effective hourly rate of $1,860.17 "astronomical," but approving 2.5 multiplier to attorney's regular billing rate). Accordingly, the court finds that the contingent fee requested by counsel in this case is reasonable.

### Conclusion

For the reasons stated herein, the amended petition for attorneys' fees under 42 U.S.C. § 406(b) is **GRANTED.**  Counsel is awarded the amount of eleven thousand dollars ($11,000) and ordered to

1  reimburse plaintiff in the amount of three thousand nine hundred

2  dollars ($3,900).

3

4  **IT IS SO ORDERED.**

5  DATED: June 30, 2008

6

7                                    _____/S/_____

8                                    CARLA M. WOEHRLE
                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28